FULLER, APPELLANT, v. FULLER, APPELLEE.

(No. 72AP-213—Decided September 26, 1972.)

*Mr. Windell F. Fisher,* for appellant.
*Mrs. Jacqueline Lou Fuller,* pro se.

WHITESIDE, J. This is an appeal from a judgment of the Franklin County Court of Common Pleas, division of domestic relations, dismissing an action for divorce ''for

lack of proper venue under Rule 3(B) (9) of the Civil Rules of Ohio."

Plaintiff filed his complaint for divorce from defendant on April 20, 1972, alleging grounds for divorce, and that he had been a resident of Ohio for one year preceding the filing of the complaint. Defendant was served by certified mail but filed no answer or otherwise appeared to contest the granting of the divorce. Plaintiff, on June 7, 1972, requested an assignment of the case for trial and the assistant assignment commissioner of the trial court certified that defendant was notified of a hearing thereon set for June 29, 1972. On that date, the trial court entered the judgment dismissing the complaint and found that the plaintiff had not been a resident of Franklin County for ninety days preceding the filing of the complaint, and that defendant did reside in Franklin County at the time the action was filed. On the same date, plaintiff filed his notice of appeal to this court. On the next day, a second entry dismissing the case without prejudice was entered which stated that such was made: "Upon the call of the case, and no good cause being shown why this case should be retained." Plaintiff makes two assignments of error as follows:

"1. The Common Pleas Court, Domestic Relations Division, of Franklin County, Ohio, committed error in holding that proper venue did not lie in Franklin County, Ohio.

"2. Assuming venue is improper in this case, the trial court erroneously dismissed the action rather than transfer it to the county wherein venue lay."

Defendant, although notified of the filing of the appeal and served with a copy of plaintiff's brief and assignments of error, and notified of the date of the oral hearing in this court, has filed no brief and has made no appearance herein. In view of the failure of defendant, the appellee, to file a brief, this court may, pursuant to Appellate Rule 18(C), "accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action." However, we need not rely upon that rule in this case, in

view of the issue involved and the fact that the salient factual issues are those found by the trial court and set forth in the judgment entry.

Those facts are that while plaintiff was not a resident of Franklin County at the time of the filing of his complaint, defendant was such a resident.

R. C. 3105.03 provides as follows:

"Except in an action for alimony alone, the plaintiff in actions for divorce and annulment shall have been a resident of the state at least one year immediately before filing the petition. Actions for divorce, annulment, or for alimony shall be brought in the county of which the plaintiff is and has been a bona fide resident for at least ninety days immediately preceding the filing of the petition, or in the county where the cause of action arose. The court of common pleas shall hear and determine the case, whether the marriage took place, or the cause of divorce or annulment occurred, within or without the state."

That section established both a jurisdictional and a venue basis for actions for divorce. The jurisdictional requirement is that the plaintiff must have been a resident of this state for at least one year immediately before filing the complaint. The jurisdictional requirement remains unaffected by the Civil Rules. See Civil Rule 82. The venue requirement of R. C. 3105.03 is that the action be brought in the county in which the plaintiff has been a resident for at least ninety days, or in the county where the cause of action arose. The venue provisions of R. C. 3105.03 have been superseded by the Civil Rules. The adoption of the Civil Rules was pursuant to Section 5(B), Article IV, Ohio Constitution, which provides that "All laws in conflict with such rules shall be of no further force or effect after such rules have taken effect."

Civil Rule 3(B) provides, in pertinent part, as follows:

"Any action may be venued, commenced and decided in any court in any county. * * * Proper venue lies in any one or more of the following counties:

"(1) The county in which the defendant resides; * * *

"(6) The county in which all or a part of the claim for relief arose, * * *

"(9) In actions for divorce, annulment or for alimony in the county in which the plaintiff is and has been a resident for at least ninety days immediately preceding the filing of the complaint;

"(10) If there is no available forum in subsections (1) through (9) of this subdivision, in the county in which plaintiff resides; has his principal place of business or regularly and systematically conducts business activity * * *.''

Civil Rule 3(B) expressly provides that proper venue lies in any county in which the venue requirments of any one of subsections (1) through (9) of Rule 3(B) apply. In other words, there may be more than one county in which there is proper venue of an action. Pursuant to Civil Rule 3(B)(1), proper venue lies, in all cases, in the county in which the defendant resides. Subsection (9) of Civil Rule 3(B) is not a limitation upon any of the first eight subsections thereof. Rather, subsection (9), like subsection (10), sets forth the only circumstances in whch the county where the plaintiff resides can constitute a county where proper venue lies and, consequently, where the defendant can be served with process in this state. (Subsection (7) provides for venue in the county where the plaintiff resides in actions described in Rule 4.3, relating to out-of-state service.)

Civil Rule 75(A) provides that: "These Rules of Civil Procedure shall apply in actions for divorce, annulment, alimony and related proceedings, with the modifications or exceptions set forth in this rule.'' Civil Rule 75 sets forth no modification or exception to the venue provisions of Civil Rule 3(B). (Compare Civil Rule 73(B) which does provide that Rule 3(B) does not apply to proceedings in the probate division of the Court of Common Pleas.)

The staff notes relating to Civil Rule 3(B) state in this regard:

''* * * The same concept would be applicable to divorce and alimony actions. Venue presently is in the county where the plaintiff has resided at least ninety days im-

mediately preceding filing of the action (Section 3105.03, R. C.) and this forum is included in Rule 3(B) (9) as proper, but such possible forum coexists with other enumerated alternatives such as the county where defendant resides or the county where the claim for relief arose. Probably the suit will ordinarily continue to be brought in the county where plaintiff resides. * * *''

We conclude that Civil Rule 3(B) has expanded venue in divorce actions and that, where proper jurisdictional requirements are met, a divorce action may be brought in the county in which the defendant resides, as well as the county in which the claim for relief arose, or the county in which the plaintiff has resided for ninety days. The trial court, in view of its finding that defendant resides in Franklin County, erred in determining that venue in Franklin County was not proper and in dismissing the action. The first assignment of error is well taken.

Although our determination of the first assignment of error requires a reversal of the judgment of the trial court, we are required to consider the second assignment of error by Appellate Rule 12(A), which provides: ''All errors assigned and briefed shall be passed upon by the court in writing, stating the reasons for the court's decision.''

Civil Rule 12(B) requires that the defense of improper venue be raised either by motion or responsive pleading, and Civil Rule 12(H) provides that, unless so raised, the defense of improper pleading is waived. Civil Rule 3 (G) provides that the provisions of Civil Rule 3, relating to venue, are not jurisdictional and that: ''No order, judgment, or decree shall be void or subject to collateral attack solely on the ground that there was improper venue; however, nothing here shall affect the right to appeal an error of court concerning venue.''

Civil Rule 3(C) provides for change of venue. Rule 3(C) (1) requires the court to transfer the action to a county in which there is proper venue, where the defense of improper venue is timely asserted. Rule 3(C) (3) provides: ''Before entering a default judgment in an action in which

the defendant has not appeared, the court may, if it finds that the action has been commenced in a county other than that stated to be proper in subdivision (B) of this rule, transfer the action to a county which is proper.'' There is no provision for the dismissal of an action because of improper venue. Rather, the Civil Rules clearly contemplate that, unless the defense of improper venue is timely asserted, the court has jurisdiction of the action and may proceed therewith, but vests in the court the discretion to transfer the action to a county in which venue is proper before entering a default judgment, in an action in which the defendant has not appeared. This was the situation involved in the instant case. Thus, assuming *arguendo* that venue in Franklin County is improper, the discretion of the trial court was either to proceed to hear the case or to transfer it to a county in which there was proper venue. The trial court, under such circumstances, erred in dismissing the action. The second assignment of error is well taken.

For the foregoing reasons, both assignments of error are sustained, and the judgment of the Franklin County Court of Common Pleas, division of domestic relations, is reversed, and this cause is remanded to that court for further proceedings in accordance with law consistent with this decision.

*Judgment reversed and remanded.*

TROOP, P. J., and REILLY, J., concur.