WISE, APPELLANT, *v.* WISE, APPELLEE.

(No. C-820397—Decided January 19, 1983.)

*Mr. Dennis G. Holtmeier,* for appellant.

*Mr. Norman I. Barron,* for appellee.

*Per Curiam.* This cause came on to be heard upon an appeal from the Court of Common Pleas of Hamilton County.

Plaintiff-appellant, Joan H. Wise, was granted a divorce from defendant-appellee, A. James Wise, on August 10, 1981, in Marion County, Florida. Plaintiff then filed an action against the defendant in the Hamilton County Court of Common Pleas, Division of Domestic Relations, on November 25, 1981, for alimony, custody of the parties' minor child, support for said child, and a division of marital property. On February 10, 1982, the court overruled plaintiff's motion for the court to accept jurisdiction of her complaint. From this judgment, plaintiff has taken this timely appeal, in which she asserts one assignment of error: that the trial court erred to her prejudice by overruling her motion to accept jurisdiction. We agree.

Although plaintiff has addressed the issue before the court as a matter of jurisdiction and venue, the problem solely pertains to venue.[1] The jurisdiction of the trial court to entertain the instant action is conceded. Under Civ. R. 3(B), eleven subsections set out the requirements for proper venue. We conclude that these eleven subsections are disjunctive. The presence of any one of the first nine provides venue to proceed. The court below, however, declined to treat these subsections as simple disjunctive requirements. Instead, the court found that under Civ. R. 3(B)(9), venue could not lie in an action for divorce, annulment or alimony where plaintiff was not a resident of the county

---

[1] Presumably, the confusion over whether jurisdiction or venue is in issue arises from the adoption of Civ. R. 3(B). Prior to that time, R.C. 3105.03 provided for jurisdiction *and* venue in divorce and alimony actions. While the jurisdictional requirement under that section remains unaffected by the Civil Rules, the venue requirement *has* been superseded by the Civil Rules. See Comment under R.C. 3105.03 (Page's Ohio Revised Code Anno. 1980).

for at least ninety days preceding the filing of the complaint, regardless of whether venue was proper under one of the first eight subsections. The trial court therefore erred in its application of the rule.

We note, in passing, that in so concluding we find ourselves supported by the Court of Appeals for Franklin County in *Fuller* v. *Fuller* (1972), 32 Ohio App. 2d 303, 306-307 [61 O.O.2d 400], a well-reasoned decision in which the court stated:

"Civil Rule 3(B) expressly provides that proper venue lies in any county in which the venue requirements of any one of subsections (1) through (9) of Rule 3(B) apply. In other words, there may be more than one county in which there is proper venue of an action. Pursuant to Civil Rule 3(B)(1), proper venue lies, in all cases, in the county in which the defendant resides. *Subsection (9) of Civil Rule 3(B) is not a limitation upon any of the first eight subsections thereof.* Rather, subsection (9), like subsection (10), sets forth the only circumstances in which the county where the plaintiff resides can constitute a county where proper venue lies and, consequently, where the defendant can be served with process in this state.

"* * *

"We conclude that Civil Rule 3(B) has expanded venue in divorce actions and that, where proper jurisdictional requirements are met, *a divorce action may be brought in the county in which the defendant resides,* as well as the county in which the claim for relief arose, or the county in which the plaintiff has resided for ninety days." (Emphasis added.)

Since venue was proper under Civ. R. 3(B)(1), as the defendant resides in Hamilton County, whether venue is proper under Civ. R. 3(B)(9) is inconsequential. The assignment of error is therefore sustained. The judgment of the trial court is accordingly reversed and the cause is remanded for further proceedings consistent with this decision and according to law.

*Judgment reversed and cause remanded.*

SHANNON, P.J., PALMER and KLUSMEIER, JJ., concur.