GIEG, APPELLANT, *v.* GIEG, APPELLEE.

(No. 3315—Decided March 23, 1984.)

*Mr. Craig H. Neuman, Mr. John R. Spain* and *Mr. Albert L. Purola,* for appellant.

*Mr. Charles L. Richards* and *Mr. James A. Fredericka,* for appellee.

FORD, J. This is an appeal from the Domestic Relations Division of the Trumbull County Common Pleas Court. The plaintiff-appellant is L. Frederick Gieg, Jr.; the defendant-appellee is Elizabeth S. Gieg.

On May 6, 1983, the appellant filed a complaint for alimony alleging gross neglect of duty by the appellee. The complaint stated further that:

"* * * Plaintiff demands judgment of this court for an equitable division of the property accumulated during the marriage, and for a determination of Defendant's needs for reasonable alimony for the support and maintenance of herself, and for such other relief as may be just and proper."

On June 3, 1983, the appellee filed a motion to dismiss arguing that the court lacked jurisdiction over the subject matter, Civ. R. 12(B)(1); that it lacked jurisdiction over the person, Civ. R. 12(B)(2); that the complaint failed to state a claim for which relief could be granted, Civ. R. 12(B)(6); and that the appellant was not the real party in interest, under Civ. R. 17(A).

On July 14, 1983, the appellee initiated an action for divorce in a California court. On August 10, 1983, the appellant amended his complaint to allege that he had been a resident of Ohio for six months and to include a divorce claim along with his claim for alimony. On August 18, 1983, the appellee filed an answer asserting, *inter alia,* the affirmative defense that the California court already had subject matter jurisdiction over the matters contained in the appellant's amended complaint.

On August 22, 1983, a hearing was held on the appellee's motion to dismiss. The appellant testified that he had been transferred to a new job and was in the process of moving to Trumbull County from Pittsburgh, Pennsylvania; that the bulk of his belongings arrived at his new condominium on January 31, 1983; and that the first night he actually stayed there was February 8, 1983. At the conclusion of the hearing, the court found that the appellant was not domiciled in Ohio until February 8 or 9, 1983; and that the court had "no jurisdiction" in the case. The appellant filed a motion to stay in the trial court, but it was denied.

He then filed a motion in this court for a stay of execution arguing that the action in the California court would proceed without a stay order. This motion was granted on October 7, 1983.

The appellant presents two assignments of error:

"1. The trial court erred to the prejudice of Plaintiff-Appellant in dismissing his complaint upon a motion to dismiss made before trial on the merits.

"2. The trial court erred in dismissing the amended complaint upon a motion to dismiss made before trial on the merits."

The appellee argues that this court's granting of the appellant's motion to stay execution of the judgment makes the decision of the trial court something other than a final appealable order. R.C. 2505.02 defines a final appealable order as one which "in effect determines the action and prevents a judgment." Here, the trial court's order of dismissal clearly prevents the appellant from obtaining the relief which he sought. The decision of this court staying *execution* of that order has no effect on the finality of the trial court's judgment and order. Thus, there is a final appealable *order* before the court.

The appellant's first assignment of error is well-taken.

R.C. 3105.17 provides that "[e]ither party to the marriage may file a complaint for divorce or for alimony * * *." Thus, the appellant's "complaint for alimony only" presented a valid cause of action to the trial court.

The appellant's complaint sufficiently stated his claim. Civ. R. 8(A) provides that:

"A pleading * * * shall contain (1) a short and plain statement of the claim showing that the pleader is entitled to relief, and (2) a demand for judgment for the relief to which he deems himself entitled. * * *"

The appellant's complaint alleged gross neglect of duty by the appellee and demanded:

"* * * judgment of this court for an equitable division of the property accumulated during the marriage, and for a determination of Defendant's needs for reasonable alimony for the support and maintenance of herself. * * *"

R.C. 3105.17 provides that gross neglect of duty is good cause for the granting of alimony. Thus, the appellant's claim satisfied the requirement of Civ. R. 8(A)(1).

The complaint satisfied the requirements of Civ. R. 8(A)(2) because it demanded an equitable division of the marital property. In a complaint demanding alimony alone, a court has the same powers that it would have had if the complaint was also one for divorce. *Goetzel* v. *Goetzel* (1959), 169 Ohio St. 350 [8 O.O.2d 355], paragraph one of syllabus; *Griste* v. *Griste* (1960), 171 Ohio St. 160, at 162-163 [12 O.O.2d 176]. R.C. 3105.18(A) provides that "alimony may be allowed in real or personal property." As stated in *Wolfe* v. *Wolfe* (1976), 46 Ohio St. 2d 399, 414 [75 O.O.2d 474]:

"* * * The current provisions of R.C. 3105.18 set forth an 11-factor guide for determining, first, 'whether alimony is necessary,' and, secondarily 'the nature, amount and manner of' payments of the sum allowed as 'alimony.' Many of those have little relevance to a possible *need* for sustenance * * *. On the other hand, those factors are quite pertinent to considerations of the distributions of marital assets and liabilities — the property settlement.

"Only after a division of property is made, is the court statutorily authorized to consider whether an amount is needed for sustenance * * *." (Emphasis *sic*.) (Footnote omitted.)

Under the cited authority, the lower court had the power to divide the marital assets of the parties as an award

of alimony. The appellant's complaint requested such a division of marital assets. Hence, it satisfied the requirements of Civ. R. 8(A)(2) because it demanded relief to which he was entitled. Appellee has contended in her argument that the only real purpose of an alimony action's allowance of a division of marital assets is to provide the means for sustenance alimony. The appellee extends this syllogism by further contending that the primary wage earner in a marriage situation cannot be the proper party to file an alimony only action, since such party logically then cannot be the recipient of sustenance alimony. Hence, appellee then concludes that any alimony complaint filed by the primary wage earner in a given marriage asking only for a division of marital assets is invalid for the reason that he is not a proper party pursuant to Civ. R. 17(A).

However, in domestic relations cases there are many reasons why the parties may choose to live apart but not obtain a divorce. Examples are situations where religious or philosophical beliefs of the parties forbid divorce or where the parties simply choose to live separately, which also may be tantamount to a trial divorce. To meet these contingencies, the General Assembly has constructed R.C. Title 31 in a manner that allows a court to make a declaration of alimony without decreeing a divorce. Properly so, this power to decree alimony alone exists irrespective of whether the complainant will ultimately have to pay sustenance alimony. Therefore, the appellee's arguments that the appellant was not the real party in interest under Civ. R. 17(A) are therefore without merit.

The lower court also had jurisdiction to hear the appellant's complaint for alimony regardless of the length of time that the appellant had been a resident of Ohio. R.C. 3105.011 provides simply that:

"The court of common pleas, in-cluding divisions of courts of domestic relations, has full equitable powers and jurisdiction appropriate to the determination of all domestic relations matters. * * *"

R.C. Title 31 covers domestic relations; the provisions under which the appellant sought to obtain alimony, R.C. 3105.17 and 3105.18, are within R.C. Title 31; and the action was brought in the Domestic Relations Division of the Trumbull County Court. Thus, the requirements of R.C. 3105.011 were met. There is nothing in the statute which requires that the plaintiff be domiciled in Ohio for a specific period of time. Moreover, it has been held that a plaintiff need not be a resident to maintain an action for alimony. *Shaw* v. *Shaw* (1917), 10 Ohio App. 216.

R.C. 3105.03 creates a six-month residency requirement for a plaintiff who seeks to obtain a divorce or annulment. However, the second paragraph of R.C. 3105.03 pertains to alimony and simply states that:

"Actions for alimony shall be brought in the proper county for commencement of actions pursuant to Civil Rules."

Elsewhere in R.C. Chapter 3105, distinctions are clearly drawn between actions for divorce, annulment and alimony. See R.C. 3105.01; 3105.17; 3105.31. Thus, there is no reason to conclude that the six-month residency requirement was meant to pertain to alimony actions.

The lower court was also the proper venue under the Civil Rules. The venue provisions of R.C. 3105.03 have been superseded by Civ. R. 3. See *Fuller* v. *Fuller* (1972), 32 Ohio App. 2d 303 [61 O.O.2d 400]; *Wise* v. *Wise* (1983), 8 Ohio App. 3d 243; Comment to R.C. 3105.03, Page's Ohio Revised Code Annotated (1980). The provisions of Civ. R. 3(B) are disjunctive. *Fuller* v. *Fuller, supra; Wise* v. *Wise, supra.* If Civ. R. 3(B)(1) through 3(B)(8) apply here, Trumbull County would be the only possible venue

for this case. Civ. R. 3(B)(9) provides that in actions for alimony, the county in which the plaintiff has been a resident for ninety days is the proper venue. Here, the trial court found that the appellant was not a resident of Trumbull County until February 8 or 9, 1983. This finding is supported by the evidence. The instant action was filed on May 6, 1983, only eighty-seven or eighty-six days after the appellant was an Ohio resident. Thus, Civ. R. 3(B)(9) did not establish that Trumbull County was the proper venue.

Civ. R. 3(B)(10) provides that if the provisions of Civ. R. 3(B)(1) through (9) do not establish venue, the county in which the plaintiff resides, has his principal place of business, or regularly and systematically conducts business activity, will be one of proper venue. Here, irrespective of the application of which part of Civ. R. 3(B) applies, since the trial court found that the appellant was a resident of Trumbull County, the lower court was the proper venue for the action under Civ. R. 3(B)(10).

To summarize, the appellant had a valid claim for alimony; filed a complaint which sufficiently stated his claim; the lower court had jurisdiction over the subject matter of the claim; the appellant was a proper party in interest under Civ. R. 17(A); and the lower court was the proper venue for the alimony claim. For these reasons, the appellant's first assignment of error is well-taken.

The appellant's second assignment of error is also well-taken.

Although the appellant's complaint for alimony was properly filed, even if the court went on to render judgment in his favor, the court's final decree would be subject to further order of the court upon changed circumstances of either party. R.C. 3105.18(C). The issue here now is two-fold: (1) whether the appellant was permitted to amend his complaint to include an action for divorce, and (2) whether such amendment relates back to the filing date of the instant ac-

tion so that the Trumbull County court has acquired jurisdiction over the divorce claim prior to the California court.

Under the Civil Rules, the appellant had the right to amend his complaint. Civ. R. 15(A) provides that a party may amend his complaint "once as a matter of course at any time before a responsive pleading is served * * *." Here, the appellant filed his action on May 6, 1983, and the appellee did not file an answer until August 18, 1983. On August 10, 1983, the appellant amended his complaint. His amendment was timely filed. The appellee filed a motion to dismiss on June 3, 1983. However, this motion did not bar the appellant's amendment as a matter of right because it is not a responsive pleading. Civ. R. 7(A).

The appellant was also permitted to amend his action for alimony alone to one of alimony and divorce. See *Holland* v. *Holland* (1970), 25 Ohio App. 2d 98 [54 O.O.2d 175].

On its face, it appears that the appellant's amended complaint should relate back to the date of the original filing of the complaint for alimony only. The complaint alleges the same substantive facts, the defendant is the same, and the defendant would clearly not be prejudiced if she sought to contest the allegation of gross neglect of duty. Civ. R. 15(C); *Hardesty* v. *Cabotage* (1982), 1 Ohio St. 3d 114, 117. However, construction of the Civil Rules must be made to effect just results, in light of public policy, and to eliminate impediments to the expeditious administration of justice. Civ. R. 1(B); *Peterson* v. *Teodosio* (1973), 34 Ohio St. 2d 161, 175 [63 O.O.2d 262]. These considerations could provide a basis for holding that the appellant's claim does not relate back to the original filing date under Civ. R. 15(C).

The purpose of the residency requirement in R.C. 3105.03 is to insure that Ohio:

"* * * divorce laws are not utilized

by nonresidents of Ohio, and thus do not interfere with a marital relationship over which * * * [Ohio] has no jurisdiction and in which it has no interest."

*Coleman* v. *Coleman* (1972), 32 Ohio St. 2d 155, at 162 [61 O.O.2d 406].

The danger presented in the instant case is that blind adherence to the relation back rule of Civ. R. 15(C) will promote forum shopping among divorce litigants. Here, however, we do not feel that the facts are sufficiently strong to support a finding of forum shopping. The appellant's move to Ohio was precipitated by a change in employment; the appellant purchased real property in Trumbull County; the appellant clearly established domicile here; and the appellee actually lived in Trumbull County for a period of time prior to the break-up of the marriage. In short, the residency requirement of R.C. 3105.03 will not be abused by application of Civ. R. 15(C). Since the requirements of Civ. R. 15(C) have otherwise been met, we hold that the appellant's action for divorce should relate back to the date of the filing of the complaint for alimony, May 6, 1983.

The appellant's second assignment of error is therefore well-taken. The decision of the trial court is reversed and the cause remanded for further proceedings in accordance with this opinion.

*Judgment reversed and cause remanded.*

COOK, P.J., and DAHLING, J., concur.