**TAYLOR, Appellant,**

v.

**TAYLOR, Appellee.**

[Cite as *Taylor v. Taylor* (1992), 84 Ohio App.3d 445.]

Court of Appeals of Ohio,
Montgomery County.

No. 13190.

Decided Dec. 21, 1992.

*William R. Coen,* for appellant.

*Christopher P. Fitzgerald,* for appellee.

WOLFF, Judge.

Judith Lynn Taylor appeals from the dismissal of her complaint for legal separation. The trial court determined that Mrs. Taylor's action for legal separation did not satisfy the ninety-day "residency rule" of Civ.R. 3(B)(9), and dismissed the complaint for want of proper venue. Mrs. Taylor contends on appeal that the trial court erred in dismissing her complaint on this basis.

Civ.R. 3(B) deals with "proper" venue and, at divisions (B)(1), (B)(9) and (B)(10), provides for proper venue as follows:

"(1) The county where the defendant resides;

" * * *

"(9) In actions for divorce, annulment, or legal separation, in the county in which the plaintiff is and has been a resident for at least ninety days immediately preceding the filing of the complaint;

"(10) If there is no available forum in divisions (B)(1) to (B)(9) of this rule, in the county in which plaintiff resides, has his principal place of business, or regularly and systematically conducts business activity[.]"

The other divisions of Civ.R. 3(B) are not pertinent to this case.

The issue in this case is whether a plaintiff seeking legal separation can avoid the ninety-day residency requirement of Civ.R. 3(B)(9) and take advantage of the more generous provisions of Civ.R. 3(B)(10). We were not required to reach this issue in *Andrasik v. Andrasik* (June 3, 1992), Montgomery App. Nos. 12999 and 13000, unreported, at 3, 1992 WL 127666. We must do so here.

It is clear from the record that Mrs. Taylor resided in Montgomery County for just eighteen days before filing her complaint. Prior to that time, she had lived for several years in Ontario, Canada.

The trial court recognized that R.C. 3105.03 does not impose in legal separation proceedings the same six-month Ohio residency requirement that it imposes in divorce and annulment proceedings. Nevertheless, the trial court considered itself bound by the ninety-day "forum county" residency requirement of Civ.R. 3(B)(9). The trial court stated that to apply Civ.R. 3(B)(10) to this situation would be "to render Civ.R. 3(B)(9) meaningless." We disagree.

Civ.R. 3(B)(9) is the only venue provision that expressly applies to divorce, annulment, and legal separation actions. The residency requirement of "at least ninety days" suggests that the Supreme Court, which authored the Civil Rules, deemed it advisable that a domestic relations plaintiff who does not bring his or her action in the county where the defendant resides have some sustained contact with the forum county before involving that county's domestic relations court in the controversy.

In most Ohio divorce, annulment, and legal separation cases, both parties reside in Ohio. Proper venue always lies in the defendant's county of residence, and the ninety-day residency requirement of Civ.R. 3(B)(9) does not impose a significant burden upon a domestic relations plaintiff who chooses a forum county other than the defendant's county of residence.

This is an unusual case. The defendant, Mr. Taylor, resides outside Ohio— indeed, outside the United States—and there is no Ohio county in which to bring this action pursuant to Civ.R. 3(B)(1). Mrs. Taylor could not satisfy the residency requirement of Civ.R. 3(B)(9). Mrs. Taylor did, however, reside in Montgomery County at the time she commenced her action for legal separation, and thus came within the express terms of Civ.R. 3(B)(10).

We do not agree with the trial court that application of Civ.R. 3(B)(10) in this situation would render Civ.R. 3(B)(9) meaningless. In the more usual case, Mrs. Taylor could have initiated the action in the Ohio county where Mr. Taylor resided if she did not meet the Civ.R. 3(B)(9) residency requirement as to her county of residence. Had she, without meeting the ninety-day residency requirement, nevertheless initiated the action in her county of residence, the trial court would have been required, upon timely assertion of the defense of improper venue, to transfer the action to the Ohio county where Mr. Taylor resided. See Civ.R. 3(C)(1). The trial court in Mrs. Taylor's county of residence could not have properly retained the action by resorting to Civ.R. 3(B)(10) because there would have been an "available forum" provided for "in divisions (B)(1) to (B)(9)," to wit: (B)(1). *Id.* Thus, in the more usual case, Civ.R. 3(B)(10) is not intended, and cannot be used, as a refuge for a domestic relations plaintiff who cannot meet the residency requirement of Civ.R. 3(B)(9). However, in this unusual case where "there [was] no available forum in divisions (B)(1) to (B)(9)" of Civ.R. 3(B), Mrs. Taylor could properly resort to Civ.R. 3(B)(10). The application of Civ.R. 3(B)(10) in this unusual case would not have rendered Civ.R. 3(B)(9) meaningless because, in the more usual case, Civ.R. 3(B)(1) is available even if Civ.R. 3(B)(9) is not, and thus Civ.R. 3(B)(10) cannot be utilized. In cases such as this, the salutary purpose that the domestic relations plaintiff have some sustained contact with a forum county other than the defendant's county of residence yields to the overarching policy of Civ.R. 3 that—subject to jurisdictional requirements and due process considerations—some Ohio forum be available to a complainant who is an Ohio resident.

Although this case involves an action for legal separation, our discussion has like application to actions for divorce and annulment. These actions, however, are subject to a six-month Ohio residency requirement, and for that reason they are not as likely to implicate Civ.R. 3(B)(10) as are actions for legal separation, which are not subject to the six-month Ohio residency requirement.

See, also, *Gieg v. Gieg* (1984), 16 Ohio App.3d 51, 16 OBR 55, 474 N.E.2d 626; *Haylett v. Haylett* (May 26, 1989), Portage App. No. 88–P–2019, unreported, 1989 WL 56367.

Mrs. Taylor's complaint should not have been dismissed. The assignment of error is sustained.

The judgment will be reversed, and the matter will be remanded for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

WILSON and GRADY, JJ., concur.