DECISION AND JUDGMENT ENTRY
This case is before the court on appeal from a judgment of the Lucas County Court of Common Pleas, Domestic Relations Division, which, among other things, named appellee, Michelle M. Dodd, residential parent and legal custodian of the parties' three minor children. In his sole assignment of error, appellant, Robert J. Dodd, asserts:
 "THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED TO THE PREJUDICE OF APPELLANT WHEN IT AWARDED CUSTODY OF THE PARTIES' CHILDREN TO APPELLEE."
Appellee failed to file a brief in this appeal. When an appellee fails to timely file her brief, this court, in ruling on the appeal, may accept appellant's statement of the facts and issues as correct and, so long as appellant's brief reasonably appears to sustain that action, reverse the trial court's judgment. App.R. 18(C). Nevertheless, an appellate court may also consider all or part of the trial court's record in order to resolve the appeal. Bell v. Horton (1995), 107 Ohio App.3d 824, 830;State ex rel. Schoener v. Hamilton Cty. Bd. of Commrs. (1992),84 Ohio App.3d 794, 802; Fuller v. Fuller (1972), 32 Ohio App.2d 303,304-305. We have, in our discretion, considered the entire record of this case, and determined appellant's assignment of error cannot be sustained. Rather, for the following reasons we affirm and adopt the judgment of the trial court.
Our standard of review in custody cases is abuse of discretion. Paterv. Pater (1992), 63 Ohio St.3d 393, 396. Abuse of discretion is defined as more than a mere error of law or judgment. It implies that the lower court's attitude in reaching its judgment was unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
In deciding the allocation of parental rights and responsibilities, a trial court must consider the best interest of the child. R.C.3109.04(B)(1); Braatz v. Braatz (1999), 85 Ohio St.3d 40, 43. Appellant asserts that the trial court "ignored" some of the evidence related to the best interests of the children in this case. He also argues that the court failed to consider all of the relevant best interest factors enumerated in R.C. 3109.04(F)(1).
Our review of the record discloses that the domestic relations court acknowledged all evidence necessary for the disposition of this case. As the trier of fact, the trial court judge expressly and properly determined the credibility of and the weight to be given that evidence.Star Bank Natl. Assn. v. Cirrocumulus Ltd. Partnership (1997),121 Ohio App.3d 731, 743-744, quoting State v. DeHass (1967),10 Ohio St.2d 230, paragraph one of the syllabus. "The knowledge a trial court gains through observing the witnesses and the parties in a custody proceeding cannot be conveyed to a reviewing court by a printed record."Miller v. Miller (1988), 37 Ohio St.3d 71, 74, citing Trickey v. Trickey
(1952), 158 Ohio St. 9, 13. Thus, we decline to substitute our judgment for that of the trial court. See Seasons Coal Co. v. Cleveland (1984),10 Ohio St.3d 77, 80. In addition, the trial court's judgment considers all relevant best interest factors. Thus, and particularly in consideration of the volatile relationship of the parents and appellant's violent tendencies as disclosed by the record, we cannot say that the trial court's attitude in reaching its decision was unreasonable, arbitrary or unconscionable. Accordingly, appellant's single assignment of error is found not well-taken.
The judgment of the Lucas County Court of Common Pleas, Domestic Relations Division, is affirmed. We hereby adopt the well-reasoned decision and judgment of the Honorable David E. Lewandowski as our own. See Appendix A. Robert J. Dodd is ordered to pay the costs of this appeal.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Melvin L. Resnick, J.
James R. Sherck, J. and Richard W. Knepper, J. CONCUR.