Appellant filed a single notice of appeal on October 12, 2001, appealing both the September 8 and October 2 trial court orders. The September 8, 2001 entry dismissing the complaint was a final appealable order, Gieg v. Gieg (1984), 16 Ohio App.3d 51, and since the notice of appeal was untimely as to that entry, this court has no jurisdiction to consider the September 8 dismissal entry. Donofrio v. Amerisure Ins. Co. (1990), 67 Ohio App.3d 272.
Following the dismissal of his action, appellant asked the trial court to "modify its entry of Sept. 8, 2001 and to reinstate the case by dismissing any and all government entities." Appellant's motion to modify and reinstate his complaint following the entry of a final judgment is tantamount to a motion for reconsideration. The Ohio Rules of Civil Procedure do not prescribe motions for reconsideration after final judgment in the trial court and such a motion is a nullity when entered after a final appealable order. Grogan v. T.W. Grogan, Co. (2001),143 Ohio App.3d 548; Baiko v. Mays_ (2000), 140 Ohio App.3d 1. The judgment of the trial court is hereby affirmed.
Pursuant to App.R. 11.1(E), this entry shall not be relied upon as authority and will not be published in any form. A certified copy of this judgment entry shall constitute the mandate pursuant to App.R. 27.
Costs to be taxed in compliance with App.R. 24.
James E. Walsh, Presiding Judge, Stephen W. Powell, Judge, William W. Young, Judge.