OPINION
{¶ 1} Defendant-appellant, Wade Snively (Snively), appeals a decision of the Columbiana County Common Pleas Court awarding default judgment and damages in favor of plaintiff-appellee, Roy Paparodis (Paparodis), as a sanction for appellant's failure to comply with discovery requests.
 FACTS/PROCEDURAL HISTORY {¶ 2} Initially, it should be noted that facts and procedural history of this case are derived solely from the pleadings and court papers. There are no transcripts of hearings, depositions, or the like.
 {¶ 3} On July 30, 2004, Paparodis filed a complaint on a promissory note naming as defendants, Wade Snively (Snively) and the Snively Family Trust (the trust), for which Wade Snively was the trustee. Essentially, Paparodis alleged that he had an agreement with Snively to sell him the Timberlanes restaurant which was wholly owned by Timberlanes Incorporated. Apparently, the note was partial consideration for a stock purchase agreement for all of Paparodis' shares in Timberlanes Incorporated. Paparodis alleged that although Snively had made multiple payments on the note over time, he had since come into default. Paparodis sought judgment in the amount of $167,986.21 plus five percent interest from April 1, 2003. Obtaining service of process on Snively and the trust proved difficult and was eventually accomplished by publication.
 {¶ 4} On January 18, 2005, Snively and the trust, represented by Attorney Anthony J. Cespedes, filed a joint motion to dismiss the case for improper venue. They denied that the documents referred to by Paparodis in his complaint were signed in Columbiana County, Ohio, and further stated that the documents were "voided and terminated on December 4, 2002, by consent of all the parties that were present and part of the meeting that was held on said date." In an affidavit attached to the motion, Wade Snively also stated that Paparodis "was not present at said meeting." In a separate affidavit, Melissa Snively asserted that "[t]o the best of [her] knowledge the Snively Family Trust is currently and since 2002, been a resident and has a corpus that is situated and has a principal place of business in Stark County, *Page 2 
Ohio."
 {¶ 5} On January 26, 2005, counsel for Paparodis, Attorney Michael J. McGee, served Snively's counsel with a first set of interrogatories and a request for production of documents.
 {¶ 6} Paparodis filed a response to Snively and the trust's motion to dismiss on February 2, 2005. He asserted that the purchase agreement was executed in Columbiana County. Paparodis also highlighted the fact that the subject of the agreement, Timberlanes, Inc., and Timberlanes, the restaurant, were in Columbiana County.
 {¶ 7} On February 18, 2005, the trial court overruled Snively's motion to dismiss. The court reasoned as follows: (1) that Snively had conducted activity in Columbiana County that gave rise to the claim for relief; (2) that the real property which was the subject of the action was located in Columbiana County; and (3) it was in Columbiana County that all or part of the claim for relief arose.
 {¶ 8} On March 4, 2005, Snively and the trust filed an answer and set forth eight counterclaims for fraud and misrepresentation. The counterclaims were as follows: (1) "an amount in excess of $248,693.03 for funds improperly paid to Paparodis for his own personal use and fraudulently not disclosed to [the trust]"; (2) "an amount in excess of $25,000 for funds improperly paid to members of [Paparodis' family] for their own personal use, and fraudulently disclosed to [the trust]"; (3) "an amount in excess of $25,000.00 for debts of Timberlanes Incorporated that [Paparodis] failed to disclose to [the trust]"; (4) "an amount in excess of $200,000.00 for items that had discrepancies or were missing from the credit card balance account of Timberlanes Incorporated, and that [Paparodis] failed to disclose to [the trust]"; (5) "an amount in excess of $300,000.00 for failing to disclose to [the trust] * * * that [Paparodis] had previously entered into an agreement with the City of Salem regarding the City's use of the parking area of Timberlanes Incorporated, thus depriving [the trust] the right to use, sell or otherwise dispose of the property"; (6) "an amount in excess of $10,000.00 for failing to disclose to [the trust] * * * that *Page 3 
Timberlanes Incorporated was indebted to several entities that had Judgments against it or in the process of obtaining Judgments against it"; (7) "an amount in excess of $10,000.00 for failing to disclose to [the trust] * * * that Timberlanes Incorporated was in violation of the Federal Wage and Hour Act while [Paparodis] owned and controlled the entity"; and (8) "an amount in excess of $100,000.00 for failing to disclose to [the trust] * * * that the condition of the real property, building and mechanical systems of the Timberlanes property was in ill repair and contained many latent and covered up defects."
 {¶ 9} On March 10, 2005, Paparodis filed a motion to compel discovery responses. Attached to the motion were a copy of the first set of interrogatories and a request for production of documents filed on January 26, 2005. Also attached to the motion were two separate letters to Snively's counsel, Atty. Cespedes, indicating that they had not been forthcoming with Snively's responses to Paparodis' discovery requests. Atty. Cespedes allegedly never responded to either of those letters.
 {¶ 10} That same day the trial court entered an order requiring Snively to respond to the discovery requests within ten days. On March 18, 2005, Snively's counsel filed a notice with the trial court that they had served Snively's responses to Paparodis' first set of interrogatories and request for production of documents upon Paparodis.
 {¶ 11} On March 25, 2005, Paparodis served Snively with a second set of interrogatories and a request for production of documents.
 {¶ 12} On April 11, 2005, Paparodis filed a motion to dismiss all of Snively's counterclaims. Snively and the trust filed a reply on April 14, 2005. Paparodis filed a response to Snively and the trust's reply on April 19, 2005.
 {¶ 13} On May 16, 2005, Paparodis filed another motion to compel discovery responses asserting that Snively had failed to respond to the second set of interrogatories and request for production of documents filed on March 25, 2005. Again, attached to the motion were two separate letters to Snively's counsel, Atty. Cespedes, indicating that discovery responses were due but not yet forthcoming. *Page 4 
The following day, the trial court entered an order requiring Snively to respond to the discovery requests within ten days.
 {¶ 14} On May 18, 2005, the trial court granted Paparodis' motion to dismiss all of Snively and the trust's counterclaims. It appears from the judgment entry that the trial court reasoned that they had not stated their fraud claims with sufficient particularity.
 {¶ 15} On June 1, 2005, Atty. Cespedes filed a motion to withdraw as counsel of record for the Snively Family Trust. In the motion, counsel stated that, after several attempts, he was unable to contact "this Defendant" and that, without any contact and communication with "this Defendant," he could not properly defend it in the litigation. In an entry filed two days later, the trial court permitted Atty. Cespedes to withdraw as counsel for the trust.
 {¶ 16} That same day, Paparodis filed a motion for Civ.R. 37 sanctions for Snively's continued failure to comply with discovery requests. Specifically, Paparodis requested that the trial court grant him default judgment. The trial court set the matter to be decided on the briefs on June 23, 2005, sending notice to attorneys for both parties.
 {¶ 17} On June 8, 2005, Snively's counsel filed a notice that they had served their responses to the second set of interrogatories and request for production of documents upon Paparodis. Counsel for Snively also followed that up with a reply to Paparodis' motion for sanctions on June 20, 2005. In the reply, Snively generally denied that he had failed to respond and claimed to have responded in time by e-mail. On July 5, 2005, by leave of court, Paparodis filed a response to Snively's reply detailing Snively's continued failure to respond to discovery requests.
 {¶ 18} On July 7, 2005, the trial court granted Paparodis' Civ.R. 37 motion for sanctions, awarded judgment in his favor, and set a hearing on the issue of damages for September 22, 2005.
 {¶ 19} Prior to the hearing, Snively filed an affidavit of disqualification to have the trial court judge, Judge Pike, removed from hearing the case. On September 13, *Page 5 
2005, the Chief Justice of the Ohio Supreme Court denied Snively's affidavit of disqualification.
 {¶ 20} On September 22, 2005, the trial court proceeded to a hearing on damages. Paparodis appeared with his counsel, Atty. McGee. Atty. Cespedes appeared as counsel for Snively. The record reflects that Snively had actual notice of the hearing, but Snively himself did not appear. On behalf of Snively, Atty. Cespedes presented three separate motions. The first was a motion to continue the hearing on damages because Snively had filed a motion in the Ohio Supreme Court to reconsider his affidavit of disqualification. The second was a motion to vacate the July 7, 2005 judgment in which the trial court granted judgment in favor of Paparodis as a Civ.R. 37 sanction for Snively's continued failure to comply with discovery requests. The third was a motion for leave to plead to add a new counterclaim. The counterclaim was for the same fraud and misrepresentation claims that Snively had asserted initially and were subsequently dismissed.
 {¶ 21} The trial court overruled all three of Snively's motions. The trial court overruled Snively's motion for a continuance noting that the filing of a subsequent affidavit of disqualification does not prevent a court from going forward with scheduled proceedings in a matter, citing R.C. 2701.03(D)(4).[1] The trial court overruled Snively's motion to vacate finding that all matters raised by the motion had previously been addressed by the court. The trial court overruled Snively's motion for leave to plead to add a new counterclaim as being untimely filed since the case had reached the point of a final hearing.
 {¶ 22} Paparodis presented evidence and rested. Atty. Cespedes' attempt to admit only one exhibit was denied because of insufficient foundation. The parties *Page 6 
then each submitted post-trial briefs.[2] On December 28, 2005, the trial court awarded judgment in favor of Paparodis against Snively and the trust in the amount of $330,475.10 plus five percent interest and costs.
 {¶ 23} Snively, proceeding pro se, filed a timely notice of appeal on January 23, 2005. Snively has filed a pro se appellate brief. It does not appear that Atty. Cespedes has filed an appellate brief on Snively's behalf. At the outset, it should be noted that Snively's appellate brief does not comply with the Ohio Rules of Appellate Procedure concerning the substance and form of appellate briefs. The bulk of his brief is devoted to talk of conspiracy theories and vitriol directed at Judge Pike and the judicial system in general. Some of the passages are entirely incomprehensible.
 {¶ 24} Snively's "Assignment of ERROR For Review" reads as follows:
 {¶ 25} "1. Allowance of fraudulent or manufactured suit and improper Venue[.]
 {¶ 26} "2. Denial of a right of Defense.
 {¶ 27} "3. Judgment issued improperly and for refusal to commit a criminal act.
 {¶ 28} "4. Bias and vindictive acts by abuse of Judicial position and power."
 {¶ 29} Snively's "Statement of Issues" reads as follows:
 {¶ 30} "1. Manufacture of a fraudulent suit.
 {¶ 31} "2. Denial of right of law and of the Constitution of the Ohio or The United States. *Page 7 
 {¶ 32} "3. Corruption within the Columbiana County Judicial system.
 {¶ 33} "4. Abuse of powers of office held."
 {¶ 34} Snively's appellate brief is divided into sections — statement of facts, argument, summary, conclusion and relief sought — as required by rule. However, he does not argue his purported assignments of error separately as required by the appellate rules.
 {¶ 35} App.R. 16 provides in relevant part:
 {¶ 36} "(A) Brief of the appellant
 {¶ 37} "The appellant shall include in its brief, under the headings and in the order indicated, all of the following:
 {¶ 38} "* * *
 {¶ 39} "(7) An argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies. The argument may be preceded by a summary."
 {¶ 40} Additionally, App.R. 12(A)(2) states:
 {¶ 41} "The court may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App.R. 16(A)."
 {¶ 42} Even though appellant is proceeding pro se, he is bound by the same rules and procedures as litigants who retain counsel. Jancuk v.Jancuk (Nov. 24, 1997), 7th Dist. No. 94 CA 221, citing Meyers v. FirstNatl. Bank of Cincinnati (1981), 3 Ohio App.3d 209, 210, 444 N.E.2d 412;Dawson v. Pauline Homes, Inc. (1958), 107 Ohio App. 90, 154 N.E.2d 164. As this Court noted in Jancuk:
 {¶ 43} "This court has, of course, made some allowances for prose litigants, such as in the construction of pleadings and in the formal requirements of briefs. There is, however, a limit. `Principles requiring generous construction of pro se filings do not require courts to conjure up questions never squarely asked or construct full-blown *Page 8 
claims from convoluted reasoning.' Karmasu v. Taie (1992),83 Ohio App.3d 199, 206, 614 N.E.2d 827. Furthermore, this court will not become appellate counsel for pro se litigants. Such action would be inherently unjust to the adverse party." Id.
 {¶ 44} After reviewing Snively's brief, his purported assignments of error, and the record as a whole, four central issues emerge which could be appropriate for appellate review in the interests of justice — trial court bias/prejudice, venue, fraud counterclaims, and Civ.R. 37 sanctions.[3]
 TRIAL COURT BIAS/PREJUDICE {¶ 45} As indicated earlier, the bulk of Snively's brief is devoted to what he perceives as bias and prejudice on the part of the trial court judge, Judge Pike. He alleges that Judge Pike is a friend and neighbor of Paparodis. He alleges that Judge Pike tampers with evidence and requires "fees" for favorable rulings. He also goes on about dealings his father had with Judge Pike in the past. Apparently in reference to the denial of his affidavit of disqualification, Snively accuses Chief Justice Moyer of being corrupt.
 {¶ 46} Resolution of this issue is rather simple. "The Chief Justice of the Supreme Court of Ohio, or his designee, has exclusive jurisdiction to determine a claim that a common pleas judge is biased or prejudiced." Jones v. Billingham (1995), 105 Ohio App.3d 8, 11,663 N.E.2d 657, citing Section 5(C), Article IV, Ohio Constitution;Adkins v. Adkins (1988), 43 Ohio App.3d 95, 539 N.E.2d 686. R.C. 2701.03
provides the exclusive means by which a litigant can assert that a common pleas judge is biased or prejudiced. Id. R.C. 2701.03(A) provides:
 {¶ 47} "If a judge of the court of common pleas allegedly is interested in a proceeding pending before the court, allegedly is related to or has a bias or prejudice for or against a party to a proceeding pending before the court or a party's counsel, or allegedly otherwise is disqualified to preside in a proceeding pending before the court, any party to the proceeding or the party's counsel may file an affidavit of *Page 9 
disqualification with the clerk of the supreme court in accordance with division (B) of this section."
 {¶ 48} An appellate court lacks the authority to pass upon the disqualification of a common pleas court judge or to void the judgment of a trial court on that basis. State v. Ramos (1993),88 Ohio App.3d 394, 398, 623 N.E.2d 1336.
 {¶ 49} On August 23, 2005, Snively filed an affidavit of disqualification to have Judge Pike removed from hearing this case. On September 13, 2005, the Chief Justice of the Ohio Supreme Court denied Snively's affidavit of disqualification. The Chief Justice also denied Snively's motion for reconsideration of his affidavit of disqualification on September 26, 2005.
 {¶ 50} Additionally, it should be noted, once the Chief Justice has dismissed an affidavit of disqualification as not well taken, the ruling of the Chief Justice is res judicata as to the question. State v.Getsy (1998), 84 Ohio St.3d 180, 185, 702 N.E.2d 866. Therefore, Snively's arguments concerning alleged bias and/or prejudice on the part of the trial court judge are without merit.
 VENUE {¶ 51} On January 18, 2005, Snively and the trust filed a joint motion to dismiss the case for improper venue. They denied that the documents referred to by Paparodis in his complaint were signed in Columbiana County, Ohio, and further stated that the documents were "voided and terminated on December 4, 2002, by consent of all the parties that were present and part of the meeting that was held on said date." Snively affirmed this in an affidavit attached to the motion and added that Paparodis "was not present at said meeting." In that affidavit Snively also stated, "I am currently and at all times since 2002 been a resident of Stark County, Ohio." In a separate affidavit, Melissa Snively asserted that "[t]o the best of [her] knowledge the Snively Family Trust is currently and since 2002, been a resident and has a corpus that is situated and has a principal place of business in Stark County, Ohio."
 {¶ 52} Decisions regarding venue are left to the sound discretion of the trial court. See Railroad Ventures, Inc. v. Drake (2000),138 Ohio App.3d 315, 325, *Page 10 741 N.E.2d 206, citing McCoy v. Lawther (1985), 17 Ohio St.3d 37, 38,17 OBR 30, 31-32,476 N.E.2d 1048. "`Abuse of discretion' means unreasonable, arbitrary, or unconscionable." State ex rel. Cranford v. Cleveland,103 Ohio St.3d 196, 2004-Ohio-4884, 814 N.E.2d 1218, ¶ 24.
 {¶ 53} Civ.R. 3(B) provides in relevant part:
 {¶ 54} "Any action may be venued, commenced, and decided in any court in any county. * * * Proper venue lies in any one or more of the following counties:
 {¶ 55} "(1) The county in which the defendant resides;
 {¶ 56} "(2) The county in which the defendant has his or her principal place of business;
 {¶ 57} "(3) A county in which the defendant conducted activity that gave rise to the claim for relief;
 {¶ 58} "(4) A county in which a public officer maintains his or her principal office if suit is brought against the officer in the officer's official capacity;
 {¶ 59} "(5) A county in which the property, or any part of the property, is situated if the subject of the action is real property or tangible personal property;
 {¶ 60} "(6) The county in which all or part of the claim for relief arose; or, if the claim for relief arose upon a river, other watercourse, or a road, that is the boundary of the state, or of two or more counties, in any county bordering on the river, watercourse, or road, and opposite to the place where the claim for relief arose[.]"
 {¶ 61} These subsections of Civ.R. 3(B) are to be read in the disjunctive; the presence of any one of the first nine provides venue to proceed. Wise v. Wise (1983), 8 Ohio App.3d 243, 456 N.E.2d 1317.
 {¶ 62} In his response to the motion to dismiss, Paparodis established that Columbiana County was a proper venue. In an affidavit attached to his response, Paparodis stated that Snively, in his personal capacity and as trustee of the Snively Family Trust, purchased the stock of Timberlanes, Inc. and executed a promissory note in favor of him in the amount of $215,000.00. Paparodis also stated that the negotiations and closing of the sale of the stock in Timberlanes, Inc. and the *Page 11 
execution of the promissory note took place in Columbiana County, satisfying Civ.R. 3(B)(3) (6). Relative to Civ.R. 3(B)(5), Paparodis stated that at the time of the purchase and sale agreement, Timberlanes, Inc. was chartered and headquartered in Columbiana County and that Timberlanes, the restaurant owned by Timberlanes, Inc., was likewise located in Columbiana County.
 {¶ 63} Therefore, based on the foregoing, the trial court did not err in denying Snively and the trust's joint motion to dismiss for improper venue.
 FRAUD COUNTERCLAIMS {¶ 64} When Snively and the trust filed their answer to Paparodis' complaint, they included eight counterclaims for fraud and misrepresentation. Paparodis filed a motion to dismiss all of Snively and the trust's counterclaims pursuant to Civ.R. 12(B)(6), arguing that the claims were not pled with sufficient particularity. Snively and the trust responded, arguing that the misrepresentations were made "at the time the ownership of the stock was transferred to the trust." The trial court granted Paparodis' motion to dismiss all of Snively and the trust's counterclaims. It appears from the judgment entry that the trial court reasoned that they had not stated their fraud claims with sufficient particularity.
 {¶ 65} The standard of review for a Civ.R. 12(B)(6) motion to dismiss requires the appellate court to independently review the complaint to determine if the dismissal was appropriate. Ferreri v. The Plain DealerPublishing Co. (2001), 142 Ohio App.3d 629, 639, 756 N.E.2d 712. A motion to dismiss for failure to state a claim upon which relief can be granted is a procedural motion that tests the sufficiency of the complaint. State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs. (1992),65 Ohio St.3d 545, 548, 605 N.E.2d 378. In order to dismiss a complaint for failure to state a claim upon which relief can be granted, the court must find beyond doubt that appellant can prove no set of facts warranting relief after it presumes all factual allegations in the complaint are true, and construes all reasonable inferences in appellant's favor. State ex rel. Seikbert v. Wilkinson (1994),69 Ohio St.3d 489, 490, 633 N.E.2d 1128. *Page 12 
 {¶ 66} The elements of fraud consist of "(a) a representation or, where there is a duty to disclose, concealment of a fact, (b) which is material to the transaction at hand, (c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (d) with the intent of misleading another into relying upon it, (e) justifiable reliance upon the representation or concealment, and (f) a resulting injury proximately caused by the reliance." Groob v. KeyBank,108 Ohio St.3d 348, 2006-Ohio-1189, 843 N.E.2d 1170, at ¶ 47, citing Gaines v.Preterm-Cleveland Inc. (1987), 33 Ohio St.3d 54, 55, 514 N.E.2d 709.
 {¶ 67} Civ.R. 9(B) provides:
 {¶ 68} "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated withparticularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally." (Emphasis added.)
 {¶ 69} The failure to plead with sufficient particularity the elements of fraud results in a defective claim which cannot withstand a motion to dismiss under Civ.R. 12(B)(6). Universal Coach, Inc. v. New York CityTransit Auth., Inc. (1993), 90 Ohio App.3d 284, 292, 629 N.E.2d 28.
 {¶ 70} In this case, after reviewing the counterclaims, it is evident that Snively and the trust did not plead their March 4, 2005 allegations of fraud with sufficient particularity. As set forth earlier in ¶ 8, Snively set forth a total of eight counterclaims, each of which is difficult to decipher and each of which is lacking all of the essential elements as set forth in Groob, supra. For example, in the first two counterclaims, Snively alleges that Paparodis somehow appropriated "funds" for the "personal use" of himself and his family. However, he did not explain how this amounted to fraud. Snively did not refer to any specific alleged representations made by Paparodis or Paparodis' concealment of facts of which he had a duty to disclose.
 {¶ 71} In the third, fourth, fifth, and sixth counterclaims, Snively alleged that Paparodis failed to disclose that the Timberlanes had certain debts, judgments against it, and contractual obligations. In these instances, Snively failed to aver *Page 13 
materiality and justifiable reliance on the part of himself.
 {¶ 72} In the seventh counterclaim, Snively alleges that Paparodis failed to disclose that Timberlanes was in violation of the Federal Wage and Hour Act while he owned it. Snively does not explain how this was material to the sale of the business. Again, nor does he aver justifiable reliance on the part of himself.
 {¶ 73} In the eighth and final counterclaim, Snively claims that Paparodis failed to disclose that the Timberlanes was in disrepair and had hidden defects. Here, Snively failed to allege a duty to disclose on the part of Paparodis and, again, materiality and justifiable reliance.
 {¶ 74} Overall, Snively's and the trust's fraud counterclaims are nothing short of mere bald assertions, lacking sufficient particularity. In essence, Snively did not provide enough facts to inform Paparodis of the fraud claims against him. In sum, the trial court did not err in dismissing Snively and the trust's counterclaims for fraud.
 CIV.R. 37 SANCTIONS {¶ 75} On September 22, 2005, Snively filed a motion to vacate the July 7, 2005 judgment in which the trial court granted judgment in favor of Paparodis as a Civ.R. 37 sanction for Snively's continued failure to comply with discovery requests. That same day, the trial court overruled Snively's motion to vacate finding that all matters raised by the motion had previously been addressed by the court.
 {¶ 76} Civ.R. 37(B)(2) provides that, "[i]f any party * * * fails to obey an order to provide or permit discovery, * * * the court * * * may make such orders in regard to the failure as are just, [including]: * * * (c) An order * * * dismissing the action * * * or rendering a judgment by default against the disobedient party[.]"
 {¶ 77} A trial court may only grant relief from judgment in the manner provided by Civ.R. 60. In re Estate of Dotson, 7th Dist. No. 01-CA-97, 2002-Ohio-6889, at ¶ 18. The standard of review used to evaluate the trial court's decision to deny or grant a Civ.R. 60(B) motion is abuse of discretion. Preferred Capital, Inc. v. Rock N Horse, Inc., 9th Dist. No. 21703, 2004-Ohio-2122, at ¶ 9. "`Abuse of discretion' means unreasonable, arbitrary, or unconscionable." State ex rel. Cranford v.Cleveland, *Page 14 103 Ohio St.3d 196, 2004-Ohio-4884, 814 N.E.2d 1218, ¶ 24.
 {¶ 78} The Ohio Supreme Court set out the controlling test for Civ.R. 60(B) motions in GTE Automatic Elec, Inc. v. Arc Industries, Inc.
(1976), 47 Ohio St.2d 146, 351 N.E.2d 113. The court stated:
 {¶ 79} "To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." Id. at paragraph two of the syllabus.
 {¶ 80} The grounds for relief under the second GTE element are:
 {¶ 81} "(1) [M]istake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment." Civ.R. 60(B).
 {¶ 82} On March 25, 2005, Paparodis served Snively with a second set of interrogatories and a request for production of documents. On April 8, 2005, Atty. McGee, counsel for Paparodis, sent a letter to Atty. Cespedes, counsel for Snively, requesting documents. The letter read in relevant part as follows:
 {¶ 83} "Please accept this correspondence as a follow-up request for documentation in the above referenced case. Please forward to me all documentation concerning the Snively Family Trust, including the initiating or originating documents, the trust agreement, the trust account ledger, bank statements, income statements, all tax documentation including tax returns, *Page 15 
disbursement ledgers, and all information concerning the identity of the beneficiaries and trustee of the trust.
 {¶ 84} "Additionally, please forward to me copies of the documents referred to in the stock purchase agreement at issue in this case as `profit and loss statements, balance sheets, and other financial documents heretofore supplied to purchaser' as itemized in ¶ 4(e).
 {¶ 85} "I request that you forward this documentation to me within the next 15 days.
 {¶ 86} "Should you have any questions regarding these matters, or if you require any additional time in which to comply with this request, please contact me."
 {¶ 87} After the fifteen days had passed without any response, Atty. McGee sent another letter to Atty. Cespedes on May 3, 2005, again requesting the same documentation. On May 16, 2005, Atty. McGee filed a motion to compel discovery responses. The next day, the trial court filed a judgment entry requiring Snively to respond to the production request within ten days. Still having received no response, Atty. McGee filed a motion for Civ.R. 37 sanctions.
 {¶ 88} In the one paragraph his motion to vacate devoted to substantive argument, Atty. Cespedes claimed that "[although the hard copies of the documents were sent on [April 8, 2005]," he advised Atty. McGee "on three occasions that Plaintiff failed to e-mail the Interrogatories and Requests as required by the Ohio Rules of Civil Procedure. "Atty. Cespedes goes on to claim that Atty. McGee did not e-mail him the discovery request until May 10, 2005, and that he responded to the request on June 7, 2005, "well within the time proscribed [sic] by the Ohio Rules of Civil Procedure."
 {¶ 89} The timeline of events does not seem to support Atty. Cespedes' argument. The trial court entered an order on May 17, 2005, giving Snively ten days to respond to the production requests. Therefore, Snively's responses were due by May 27, 2005. Snively admittedly did not respond until June 7, 2005, well after the due date. *Page 16 
 {¶ 90} Concerning Atty. Cespedes argument about e-mail transmission, Civ.R. 33(A) does provide that "[a] party servinginterrogatories shall provide the party served with both a printed and an electronic copy of the interrogatories." (Emphasis added.) However, Paparodis' motion for Civ.R. 37 sanctions dealt with Snively's failure to provide requests for document production. The motion did not deal with interrogatories. There does not appear to be a requirement that a request for production of documents be transmitted electronically and Atty. Cespedes failed to cite a specific Ohio Rule of Civil Procedure requiring such. The record reveals that Paparodis' second request for production of documents was file-stamped on March 25, 2005, and clearly indicates that the request was served on Atty. Cespedes on March 23, 2005, by way of regular U.S. mail.
 {¶ 91} More importantly, it appears from the record that Snively continued to fail to produce the documents Paparodis requested and, ultimately, never did produce the requested documents, preventing Paparodis from moving forward with his claim. Therefore, Snively failed to present a meritorious defense or claim to present if relief were granted and failed to demonstrate that he was entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5). In sum, the trial court did not abuse its discretion in denying Snively's motion to vacate.
 {¶ 92} The judgment of the trial court is hereby affirmed.
Waite, J., concurs. DeGenaro, P.J., concurs.
[1] The Chief Justice of the Ohio Supreme Court denied Snively's motion for reconsideration of his affidavit of disqualification on September 26, 2005.
[2] {¶ a} On November 23, 2005, Snively filed a pro se suit in federal district court against a litany of defendants, including the United States Department of Justice, United States Attorney General Alberto Gonzales, Ohio Attorney General James Petro, Ohio Supreme Court Chief Justice Thomas Moyer, the Ohio Supreme Court Disciplinary Counsel, Paparodis, opposing counsel and his law firm, as well as the clerk, sheriff, prosecutor, and commissioners of Columbiana County. He alleged that the defendants failed to honor or interfered with a business agreement. He sought monetary damages and the pursuit of criminal charges against the defendants.
{¶ b} In the present case, Snively filed a pro se motion to have it joined with the federal case. The trial court denied the motion in its December 28, 2005 judgment entry.
{¶ c} On February 21, 2006, the federal court dismissed the case for lack of subject matter jurisdiction. Snively v. U.S. Dept. ofJustice (Feb. 21, 2006), N.D.Ohio No. 5:055CV2740, unreported,2006 WL 417350.
[3] It should be noted that the record does not include a transcript of the September 22, 2005 hearing on damages. *Page 1