**SAALFELD, Plaintiff-Appellee, v. SAALFELD, Defendant-Appellant.**

Ohio Appeals, First District, Clermont County.

No. 186.   Decided July 5, 1949.

Ely, White & Davidson, Batavia, for plaintiff-appellee.
James W. Walker, Batavia, for defendant-appellant.

**OPINION**

By ROSS, PJ.:

This is an appeal from a decree of divorce entered by the Court of Common Pleas of Clermont County.

The contention of the defendant appellant is that the plaintiff had not acquired a bona fide residence in Ohio for one year prior to the filing of her petition for divorce, as required by §11980 GC.

Sec. 11980 GC, provides in part—"Except in an action for alimony alone, the plaintiff must have been a resident of the State at least one year before filing the petition."

The residence required is domiciliary in character. **Glassman v. Glassman, 75 Oh Ap, 47.** That is, residence for one year prior to the filing of the petition by plaintiff must be accompanied by an intention to make Ohio her permanent home. A temporary residence, unaccompanied by such intention, no matter how long it may be extended, is ineffective to present compliance with the requirements of the statute. Id. When it appears that a person has once possessed an established domicil, the presumption of fact is that such domicil continues. In order to dissipate such presumption, it is necessary to prove by a preponderance of the evidence that such person has (1) intended to change such domicil; (2) has

intended to select a new domicil; ((3) has accompanied such intention with acts indicating a bona fide selection of a new domicil. Village of Indian Hill v. Atkins, et al., Court of Appeals, Hamilton County, No. 7109, announced July 5th, 1949.

Every person must be domiciled somewhere. Until a new domicil is selected and occupied as such, the status in the original domicil is retained. Id. In the instant case, the plaintiff was unquestionably domiciled prior to 1942 in Sistersville, West Virginia. She came to Ohio and took up a course of nursing training in Christ Hospital in the City of Cincinnati, August 25, 1942. She remained in training until February, 1946. She married the defendant in Kentucky, March 17, 1946. The defendant was domiciled in Kentucky at that time, and has always retained such domicil. She traveled from one Army Camp to another with her husband, who was a Captain in the Air Corps. No permanent domicil was acquired by the plaintiff during that period.

In October, 1948, the plaintiff and her husband acquired a domicil in Clermont County, Ohio. The petition was filed December 10, 1948. The issue involving the domicil of the plaintiff hinges upon her intention at the time she was in Nurses' training in Cincinnati. She was asked by the Court: "Now you claim you are a resident of the State of Ohio since 1942?" Her answer was: "Yes, sir." This is no stronger than the sworn allegations of her petition. No corroborative evidence appears in the record. On the contrary, it appears that as late as 1948, she was attempting to vote in West Virginia, which is entirely inconsistent with a conviction that she was a resident of Ohio, that is, domiciled therein. Certainly, if she had retained a consistent intent that Ohio should be her permanent home, she would not have considered voting in West Virginia.

The evidence leaves much to be desired in the way of certainty and scope. It leaves the court in a state of uncertainty, and in view of the burden resting upon the plaintiff to sustain her statutory residence in Ohio for one year prior to filing her petition, it must be concluded that such evidence as appears in the record renders the decree of the court one not sustained by the weight of the evidence, but contrary thereto.

The case of **Glassman v. Glassman, 75 Oh Ap, 47,** supra, has been cited by counsel. It is to be noted that in that case the wife entered the court with a presumption of jurisdictional domicil in her favor, and that no evidence was introduced to show that such domicil had been relinquished—the sole reason for refusing her the jurisdiction of the court being

based upon the two fictions—(1) that the husband officer retained the domicil possessed upon entering the service; and (2) the common law fiction that the wife takes the domicil of her husband on marriage. The holding in the Glassman case is that a clear, factual · situation, showing bona fide domicil cannot be set aside by fictions, if such course will produce an injustice.

The evidence does show that the plaintiff at the time of filing her petition had been domiciled in Clermont County for some months, but for less than a year.

In view of the evidence showing an actual residence in Ohio for four years or more, the domicil of the plaintiff at the time of filing the petition and her positive declaration in the record that Ohio has been her permanent home, it is the conclusion of the Court that this Court would not be justified in here entering judgment for defendant, but, on the contrary, that the decree of the trial court should be reversed and the case remanded for a new trial, which is so ordered.

ROSS, PJ, HILDEBRANT & MATTHEWS, JJ, concur in syllabus, opinion & judgment.