## CITY OF SPRINGFIELD, Appellant,

### v.

### BETTS, Appellee.

[Cite as *Springfield v. Betts* (1996), 114 Ohio App.3d 70.]

Court of Appeals of Ohio,
Second District, Clark County.

No. 96–CA–001.

Decided Sept. 13, 1996.

*Andrew J. Burkholder,* for appellant.

*Jack Reynard, Jr.,* for appellee.

FREDERICK N. YOUNG, Judge.

The city of Springfield in Clark County, Ohio, filed suit against Mark A. Betts on July 21, 1994, claiming that he owed it city income tax, including penalties and interest, for the years 1989, 1990, 1991, and 1992. After numerous failed attempts at personal service, the city finally served the defendant by ordinary mail at an 801 East Cecil Street address in Springfield. The defendant responded with an answer filed by his attorney in which he claimed "that he was not a resident of Springfield nor did he work in Springfield during the period of time in question."

After a further delay occasioned by the defendant's filing for bankruptcy, the matter finally came before the Municipal Court of Clark County, Ohio, by way of stipulated exhibits to the court. The judgment of the court rendered on December 15, 1995, is as follows:

"This matter was before the court on December 14, 1995 for trial on the merits of the complaint of the City of Springfield against the defendant, Mark A. Betts, for income taxes, penalties, and interest owed for 1989, 1990, 1991, and 1992. Although not present, the defendant was represented by Jack A. Reynard, and the City was represented by Andrew J. Burkholder.

"The attorneys agreed to submit the case to the court and that the only issue was whether or not Betts resided in the city during the years for which the city sought taxes. The attorneys further agreed that pursuant to discovery, Exhibits 1, 2, 3, and 4 would be submitted as bearing on the residency issue, and that the amount of any tax liability, if owed, would be based upon W–2s submitted to the City by Betts's employers.

"Based upon the stipulations of the parties and the Exhibits, the court finds that * * * Betts resided at 2050 Providence Avenue during 1989, at 412 North Plum during 1991, and at 103½ South Race during 1992. The court takes judicial notice that these locations are within the corporate boundaries of the City of Springfield. The court finds no documentation about Betts's residence during 1990. As frequently as he changed residences, the court will not infer that he remained at the Providence address or at some other unknown city residence until his move to North Plum in 1991. Consequently, the court finds that the City failed to establish that Betts was a resident during 1990.

"Based upon figures supplied by the City, the court finds that Betts owes the City as follows:

| | | |
|---|---|---:|
| "1989 | tax | $ 76.82 |
| | penalty 10% | 7.68 |
| | interest through date complaint was filed (51%) | 39.18 |
| "1991 | tax | 276.41 |
| | penalty 10% | 27.64 |
| | interest through date complaint was filed (27% + est) | 91.27 |
| "1992 | tax | 352.02 |
| | penalty 10% | 35.20 |
| | late filing penalty | 100.00 |
| | interest through date complaint was filed (15% + est) | 73.92 |
| "SUBTOTAL | | $1,080.08 |
| | additional interest through December 1995 | 119.45 |
| | court costs | 120.00 |
| "TOTAL DUE | | $1,319.53 |

"Accordingly,

"IT IS HEREBY ORDERED that the City of Springfield, Ohio is awarded judgment against the defendant, Mark A. Betts, in the amount of One Thousand Three Hundred Nineteen Dollars and fifty-three cents ($1,319.53)."

The city duly appealed the court's failure to find that Betts owed taxes for the year 1990, and filed a brief arguing that the trial court failed to consider the rule of law that once a domicile has been proven to be established, the domiciliary is presumed to have remained there absent clear evidence of a re-established domicile elsewhere. The appellee did not file a brief and therefore we consider the case under App.R. 18(C), which provides that upon lack of a brief by appellee, "the court may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action."

We find that the appellant's arguments do reasonably sustain its position. The trial court found that Betts was domiciled at a particular address in the city during 1989, but made no finding regarding 1990 because, it stated, it would not "infer that he remained at the Providence address or at some other unknown city

residence until his move to North Plum in 1991" because he frequently changed residences. The issue, however, does not require an inference of residence in the city during 1990. If it were a matter of inferences, it could reasonably be inferred that any move he made to another residence in 1990 would have been also to a residence inside the city of Springfield, since all his other known residences during the years in question were within the city of Springfield.

The law, as correctly pointed out by the appellant, is that "a person is presumed to continue his old domicile until it is *clearly* shown that he has acquired a new one." (Emphasis added.) 36 Ohio Jurisprudence 3d (1982), Domicile, Section 19. As was stated by the Clermont County Court of Appeals in *Saalfeld v. Saalfeld* (1949), 86 Ohio App. 225, 226, 41 O.O. 94, 95, 89 N.E.2d 165, 166:

" * * * When it appears that a person has an established domicile, the presumption of fact is that such domicile continues. In order to dissipate such presumption, it is necessary to prove by a preponderance of the evidence that such person has (1) intended to change such domicile, (2) has intended to select a new domicile, and (3) has accompanied such intention with acts indicating a bona fide selection of a new domicile. *Village of Indian Hill v. Atkins* (July 5, 1949), No. 7109, Court of Appeals for Hamilton County [57 Ohio Law Abs. 210, 90 N.E.2d 161].

"Every person must be domiciled somewhere. Until a new domicile is selected and occupied as such, the status in the original domicile is retained. *Atkins* case, *supra.*"

This legal doctrine has most recently been reaffirmed by the Court of Appeals for Cuyahoga County in *E. Cleveland v. Landingham* (1994), 97 Ohio App.3d 385, 646 N.E.2d 897. The court there noted that the initial burden of proof was on the city to prove the domicile of the presumed taxpayer in the city, and that when the city's burden is met by the evidence it presents, the burden of proof shifts to the alleged taxpayer, "only because a person is presumed to continue his own domicile until it is clearly shown that he has acquired a new one," citing *Saalfeld.* 97 Ohio App.3d at 391, 646 N.E.2d at 900–901.

The doctrine that a domicile once acquired is presumed to continue until it is proven to have been changed by the person alleging the change is an ancient one and has been upheld without deviation by even the Supreme Court of the United States. See, *e.g., Mitchell v. United States* (1874), 88 U.S. (21 Wall.) 350, 22 L.Ed. 584, and *Texas v. Florida* (1939), 306 U.S. 398, 427, 59 S.Ct. 563, 577, 83 L.Ed. 817, 836. The point here is that no inferences need to be drawn about the appellee's residence in 1990; rather, it is a *matter of law* that appellee continued to reside within the city of Springfield during 1990, since it was established he was there in 1989 and no proof was offered to the contrary for 1990.

The judgment is reversed, and the cause is remanded to the trial court for a determination of the amounts appellee owes to the city of Springfield for 1990 municipal income taxes, including penalty and interest.

*Judgment reversed*
*and cause remanded.*

WOLFF and FAIN, JJ., concur.