HEINEY, Appellant,

v.

HEINEY, Appellee.

[Cite as *Heiney v. Heiney,* 157 Ohio App.3d 775, 2004-Ohio-3453.]

Court of Appeals of Ohio,
Sixth District, Williams County.

No. WM–04–003.

Decided June 30, 2004.

James E. Hitchcock, for appellant.

SINGER, Judge.

{¶ 1} This is an appeal from an order of the Williams County Court of Common Pleas, denying relief from a prior judgment that dismissed a divorce complaint. Because we conclude that the court had jurisdiction to hear the case, we reverse.

{¶ 2} Appellant, Rebecca Heiney, married appellee, Khristopher Heiney, in Bryan, Ohio, in 1997. When appellee joined the United States Air Force, appellant moved with him to his military posting in southeast Virginia. Two children were born of this union.

{¶ 3} At some point the relations between the parties became strained. According to appellant, when she attempted to initiate a divorce action in Virginia, she was advised that, since her husband's military home of record is Ohio, Virginia would not entertain jurisdiction over the divorce.[1] Appellant states that Virginia attorneys advised her to pursue the divorce in Ohio.

{¶ 4} On December 8, 2003, appellant filed in Williams County the divorce complaint that underlies this appeal. The trial court, however, sua sponte dismissed appellant's complaint, finding that "jurisdiction has not been established pursuant to [R.C.] 3105.03." When appellant's motion for relief from judgment was denied, she instituted this appeal.

{¶ 5} Appellant sets forth the following three assignments of error:

---

1. Virginia did accept jurisdiction over child custody, visitation, and support issues.

{¶ 6} "The trial court denied plaintiff due process when it refused to hold a hearing on her 60B motion."

{¶ 7} "The trial court erred when it refused to grant the plaintiff's 60B motion and reinstate the case."

{¶ 8} "The trial court erred by failing to read Civil Rule 3B in the disjunctive."

{¶ 9} We will discuss appellant's assignments of error together.

{¶ 10} In order to prevail on a motion for relief from judgment, pursuant to Civ.R. 60(B), the party seeking relief must show that he or she (1) has a meritorious claim or defense to present if relief is granted, (2) is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5), and (3) the motion was made within a reasonable time. *GTE Automatic Elec., Inc. v. ARC Industries, Inc.* (1976), 47 Ohio St.2d 146, 1 O.O.3d 86, 351 N.E.2d 113, at paragraph two of the syllabus.

{¶ 11} There is no argument that appellant's motion was untimely. Although this matter does not neatly fit into one of the Civ.R. 60(B)(1) through (4) categories, it may be considered under the catchall provision, Civ.R. 60(B)(5), if appellant's claim is meritorious.

{¶ 12} R.C. 3105.03 provides:

{¶ 13} "The plaintiff in actions for divorce and annulment shall have been a resident of the state at least six months immediately before filing the complaint. Actions for divorce and annulment shall be brought in the proper county for commencement of action pursuant to the Rules of Civil Procedure. The court of common pleas shall hear and determine the case, whether the marriage took place, or the cause of divorce or annulment occurred, within or without the state."

{¶ 14} The word "resident" as used in the statute means one who possesses a domiciliary residence, a residence accompanied by an intention to make the state of Ohio a permanent home. *Saalfeld v. Saalfeld* (1949), 86 Ohio App. 225, 226, 41 O.O. 94, 89 N.E.2d 165. The domicile of one entering the armed forces of the United States remains as it was prior to the serviceperson's enlistment throughout service unless a new domicile is voluntary selected by the person. *Glassman v. Glassman* (1944), 75 Ohio App. 47, 52, 30 O.O. 352, 60 N.E.2d 716. The spouse of a person in the military does not ordinarily change residence when living with that serviceperson at a military posting. *Dobson v. Dobson* (May 18, 1998), Stark App. No. 97CA0217, 1998 WL 519255.

{¶ 15} In her complaint and later in the affidavit accompanying her Civ.R. 60(B) motion, appellant states that both she and appellee are natives of Williams County, that appellee has maintained Bryan, Ohio, as his military "home of

record," and that he continues to hold a valid Ohio operator's license. Moreover, appellant avers, it is her intention to return to Ohio next year.

{¶ 16} Absent evidence that the parties have voluntarily moved their domicile elsewhere, we must conclude that they continue to be residents of Ohio and of Williams County. Consequently, both parties meet the statutory six-month Ohio residency requirement, and venue is proper in Williams County under either Civ.R. 3(B)(1) or (9). *Wise v. Wise* (1983), 8 Ohio App.3d 243, 244, 8 OBR 316, 456 N.E.2d 1317; *Glover v. Glover* (1990), 66 Ohio App.3d 724, 728, 586 N.E.2d 159; see, also, 1970 Staff Notes to Civ.R. 3(B).

{¶ 17} Accordingly, we conclude that appellant has a meritorious claim on her motion for relief from judgment. Appellant's second and third assignments of error are well taken. Her first assignment of error is moot.

{¶ 18} On consideration whereof, the judgment of the Williams County Court of Common Pleas is reversed. This matter is remanded to that court to reinstate appellant's complaint. Costs to appellee.

Judgment reversed
and cause remanded.

MARK L. PIETRYKOWSKI and JUDITH ANN LANZINGER, JJ., concur.