OPINION
{¶ 1} Plaintiff-appellant Eric Holtz appeals from the dismissal of his divorce complaint for lack of jurisdiction. Mr. Holtz first contends that he was denied due process because none of the evidence on which the trial court relied was taken under oath. We conclude that although the trial judge proceeded informally, there was no request for an evidentiary hearing, there was no objection to the trial court procuring information without placing the participants under oath, and there was no dispute concerning any material facts. Accordingly, there was no denial of due process.
 {¶ 2} Mr. Holtz next contends that he was denied due process because the trial court failed to provide him with notice of a hearing on the issue of jurisdiction, and the trial court "refused" to accept Mr. Holtz's deposition as evidence. We conclude that a hearing was noticed, and although the notice did not specify that jurisdiction was an issue for the hearing, Mrs. Holtz had previously raised the issue of jurisdiction in a letter to the court, Mr. Holtz submitted a memorandum of law on the issue, and Mr. Holtz was obviously prepared to argue, and did argue, the jurisdictional issue at the hearing. Additionally, Mr. Holtz's contention that he was denied due process because the trial court refused to accept Mr. Holtz's deposition is without merit because the record indicates no attempt to offer the deposition into evidence. Accordingly, there was no denial of due process.
 {¶ 3} Finally, Mr. Holtz contends that the trial court erred in concluding that it was without jurisdiction. We agree. We conclude that the record indicates no intention on Mr. Holtz's behalf to abandon Ohio as his pre-enlistment domiciliary residence. Accordingly, the judgment of the trial court is Reversed, and this cause is Remanded for further proceedings.
 I {¶ 4} Eric Holtz lived in Ohio until 1997, when he graduated from high school, enlisted in the United States Air Force, and was relocated to a military base in California. Eric and Angela Holtz were married in California in January of 2001. Timothy Holtz, the child of Eric and Angela Holtz, was born in December of 2001 in California. Eric, Angela, and Timothy lived in California until May of 2003, when Eric was relocated to Laken Heath Air Force Base in England.
 {¶ 5} Eric, Angela, and Timothy lived in England until January of 2004, when Angela and Timothy moved back to California. In May of 2004, Angela and Timothy returned to England and lived with Eric until August of 2004. In August of 2004, Angela left England and moved back to California, but Eric and Timothy remained in England, where Eric continued his military service.
 {¶ 6} In January of 2005, Eric Holtz brought his son Timothy from England to Ohio to live with Eric's mother, Timothy's paternal grandmother, Cheryl Holtz. Cheryl Holtz currently resides in Greene County, Ohio, and Timothy has lived with Cheryl from January of 2005 until the present.
 {¶ 7} Mr. Holtz filed this action for divorce in the Common Pleas Court of Greene County, Domestic Relations Division. Ms. Holtz sent a letter to the court challenging the court's jurisdiction. The court scheduled a hearing, at which Ms. Holtz appeared, without an attorney, and Mr. Holtz's counsel appeared, but not Mr. Holtz. The paternal grandmother, Cheryl Holtz, was present at the hearing. Before this hearing, Mr. Holtz had filed a memorandum on the issue of jurisdiction, and his counsel argued the jurisdictional issue at the hearing. Following the hearing, the trial court dismissed the complaint, upon the ground that it lacked subject-matter jurisdiction. From the judgment of the trial court dismissing his complaint, Mr. Holtz appeals.
 II {¶ 8} Mr. Holtz's first and second assignments of error are as follows:
 {¶ 9} "THE PLAINTIFF WAS DENIED DUE PROCESS AS NONE OF THE `EVIDENCE' ON WHICH THE COURT MADE ITS DECISION WAS TAKEN UNDER OATH.
 {¶ 10} "THE PLAINTIFF-APPELLANT WAS DENIED DUE PROCESS BY THE COURT'S FAILURE TO NOTICE A HEARING ON JURISDICTION AND REFUSING TO ACCEPT THE PLAINTIFF'S DEPOSITION AS EVIDENCE."
 {¶ 11} Generally, errors arising throughout the course of a trial that are not brought to the court's attention, by objection or otherwise, at a time when the error could have been avoided or corrected are waived and may not be raised upon appeal. Goldfussv. Davidson (1997), 79 Ohio St.3d 116, 121, 679 N.E.2d 1099;Stores Realty Co. v. City of Cleveland Bd. of Bldg. Standardsand Bldg. Appeals (1975), 41 Ohio St.2d 41, 43, 322 N.E.2d 629.
 {¶ 12} Here, in connection with his first assignment of error, Mr. Holtz could have objected to the trial court purportedly accepting unsigned affidavits from Mrs. Holtz. And Mr. Holtz could have objected to the trial court not placing Mrs. Holtz under oath at the pretrial hearing on February 28, 2005. Similarly, Mr. Holtz could have objected to allegedly not having an opportunity to cross-examine Mrs. Holtz. Mr. Holtz was represented by counsel, who did not interpose any objection to the informality of the proceedings.
 {¶ 13} With respect to his second assignment of error, Mr. Holtz could have objected to the trial court's failure to have provided him with specific notice that the hearing would be concerned with the issue of jurisdiction. Mr. Holtz appears to have been on notice that jurisdiction would be an issue at the hearing on February 28th, 2005 — Mr. Holtz received a copy of Mrs. Holtz's letter, dated January 17, 2005, questioning the jurisdiction of an Ohio court to hear the case, and Mr. Holtz was prepared to, and did, argue jurisdiction at the hearing, having previously submitted a memorandum of law to the trial court on the jurisdictional issue. Additionally, Mr. Holtz could have objected to the trial court's alleged "refusal" to accept Mr. Holtz's deposition. Moreover, the record does not indicate that Mr. Holtz attempted to introduce the deposition into evidence.
 {¶ 14} Therefore, in regard to Mr. Holtz's first and second assignments of error, because Mr. Holtz could have objected to, or otherwise brought to the court's attention, these alleged denials of due process, but did not do so, we conclude that Mr. Holtz has waived these asserted errors. Mr. Holtz's first and second assignments of error are overruled.
 III {¶ 15} Mr. Holtz's third assignment of error is as follows:
 {¶ 16} "THE COURT COMMITTED PREJUDICIAL ERROR IN DENYING THE COURT'S JURISDICTION TO THE PLAINTIFFS."
 {¶ 17} Mr. Holtz contends that the trial court had jurisdiction to address the merits of his divorce complaint. Mr. Holtz maintains that he is an Ohio resident, and therefore the trial court had subject-matter jurisdiction over the divorce complaint. At issue is R.C. 3105.03, which states, in pertinent part, "The plaintiff in actions for divorce and annulment shall have been a resident of the state at least six months immediately before filing the complaint."
 {¶ 18} Generally, the word "residence," when used in statutes conferring jurisdiction in divorce actions, means domiciliary residence. Glassman v. Glassman (1944), 75 Ohio App. 47, 51,60 N.E.2d 716; Saalfeld v. Saalfeld (1949), 86 Ohio App. 225,225-226, 89 N.E.2d 165. Every person must have a domicile somewhere, and that domicile is not lost until a new one is acquired. E. Cleveland v. Landingham (1994),97 Ohio App.3d 385, 390, 646 N.E.2d 897. A person abandons his old domicile and acquires a new one only when he chooses a new domicile, establishes an actual residence in the chosen domicile, and demonstrates a clear intent that the new domicile become his primary and permanent residence. Id.
 {¶ 19} The burden of proving domiciliary residence rests upon the plaintiff, and the plaintiff must prove it by a preponderance of the evidence. Hager v. Hager (1992) 79 Ohio App.3d 239, 244,607 N.E.2d 63. In a divorce action, a plaintiff's domicile is a question of intent and the plaintiff's representation will be accepted unless facts and circumstances indicate that the plaintiff's claimed intent cannot be accepted as true. Polakovav. Polak (1995), 107 Ohio App.3d 745, 748, 669 N.E.2d 498.
 {¶ 20} A military service member's domicile remains as it was prior to enlistment throughout the course of military service, unless a new domicile is voluntarily selected. Heiney v. Heiney
(2004), 157 Ohio App.3d 775, 777, 813 N.E.2d 738. The domiciliary residence of a person in the military is simply a question of intent. Spires v. Spires (1966), 7 Ohio Misc. 197, 201,214 N.E.2d 691. A military person's actual residence does not operate to change his pre-enlistment domiciliary residence, because his actual residence is not the result of his own volition. Id. A military person's designation of a state other than Ohio as his or her domiciliary residence on a military form required for tax purposes is not determinative of that person's true intent to make or keep Ohio his or her domiciliary residence. Hager v.Hager (1992) 79 Ohio App.3d 239, 244-245, 607 N.E.2d 63.
 {¶ 21} In this case, the trial judge concluded that Mr. Holtz failed to prove by a preponderance of the evidence his intention to reside in Ohio. The record indicates that it is undisputed that Mr. Holtz's domiciliary residence before enlisting in the United States Air Force was Ohio. Additionally, the record indicates that Mr. Holtz never intended to abandon Ohio as his domiciliary residence and never voluntarily adopted a new domiciliary residence, whether in California, England, or elsewhere. Although Mr. Holtz designated Florida as his home of record on his DD 1966 military processing form, the record indicates that Mr. Holtz did this solely for tax purposes and did not intend to adopt Florida as his new domicile. Also, the record indicates that Mr. Holtz changed his DD 1966 form to reflect Ohio as his domiciliary residence before he filed his complaint for divorce. Thus, based on these facts, the rule that every person must be domiciled somewhere, and the principle that a military person's domiciliary residence remains as it was prior to enlistment throughout the course of service, we conclude that the trial court erred in dismissing Mr. Holtz's divorce complaint for lack of subject-matter jurisdiction.
 {¶ 22} Mr. Holtz's third assignment of error is sustained.
 IV {¶ 23} Mr. Holtz's third assignment of error having been sustained, the judgment of the trial court dismissing his divorce complaint is Reversed, and this cause is Remanded for further proceedings consistent with this opinion.
Brogan and Donovan, JJ., concur.