**[Cite as *Botello v. Gonzalez*, 2024-Ohio-3210.]**

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY

| | | |
|---|---|---|
| YOLANDA FERNANDEZ BOTELLO | : | |
| | : | |
| Appellant | : | C.A. No. 2024-CA-20 |
| | : | |
| v. | : | Trial Court Case No. 23-DR-0033 |
| | : | |
| SAUL MENDEZ GONZALEZ | : | (Appeal from Common Pleas Court- |
| | : | Domestic Relations) |
| Appellee | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on August 23, 2024

. . . . . . . . . . .

LOUIS E. VALENCIA, II, Attorney for Appellant

SAUL MENDEZ GONZALEZ, Pro Se Appellee

. . . . . . . . . . . .

LEWIS, J.

{¶ 1} Plaintiff-Appellant Yolanda Fernandez Botello appeals from a judgment of the Domestic Relations Division of the Clark County Common Pleas Court, which found that the court lacked subject matter jurisdiction over Botello's complaint for divorce based on her refusal to submit documentation regarding her immigration status. For the

following reasons, we will reverse the judgment of the trial court and remand the cause for the trial court to proceed with the final divorce hearing.

I.  Facts and Course of Proceedings

{¶ 2} On February 3, 2023, Botello filed a complaint for divorce.  According to her complaint, Botello married Defendant-Appellee Saul Mendez Gonzalez in Springhill, Ohio, on August 16, 2004.  Botello and Gonzalez separated in September 2006 after one child was born as issue of their marriage.  When the complaint was filed, Botello lived with this child in Medway, Ohio.  She also alleged in her complaint that she had been a resident of Ohio for at least six months and of Clark County for at least 90 days immediately prior to the filing of the complaint.

{¶ 3} The paperwork Botello submitted with her complaint for divorce included copies of birth certificates for Botello's other two children, who were born in 2010 and 2013.  These two children were unrelated to Gonzalez.  Both birth certificates noted that Botello was born in Mexico but that she lived in New Carlisle, Ohio, at the time of the births.  When she filed her complaint for divorce, Botello requested a Spanish interpreter for all scheduled hearings.

{¶ 4} Botello requested service by publication on her husband, which the trial court approved.  Botello's husband did not file any responsive pleading in the time provided by the Rules of Civil Procedure.  The matter was scheduled for a final uncontested hearing on October 26, 2023.  Immediately prior to the hearing, the trial court met with Botello's counsel off the record "and inquired as to whether the Plaintiff is, in fact, a lawfully

documented immigrant." Entry of Dismissal (Mar. 12, 2024), p. 2. According to the trial court, Botello's counsel answered in the affirmative but was unable to provide the court with the proper documentation at that time. *Id.* As a result, the trial court decided to continue the hearing until it had determined that it had proper jurisdiction to proceed with the case.

{¶ 5} On January 18, 2024, Botello's attorney contacted the administrator of the trial court to request a final hearing date. *Id.* As a result, a hearing date was scheduled for March 7, 2024. However, on January 22, 2024, the trial court issued an order finding that it was "appropriate to obligate Plaintiff's counsel" to provide the court with documentation showing that Botello was "a <u>properly documented</u> immigrant which would then make her eligible to be a bona fide resident of the state of Ohio for at least six months, as required by O.R.C. 3105.03." (Emphasis in original.) Entry (Jan. 22, 2024), p. 1-2. The trial court concluded that "[f]ailure to provide such documentation may result in a dismissal of the within matter, for lack of jurisdiction." *Id.* at 2.

{¶ 6} On March 7, 2024, a final evidentiary hearing was held. The trial court summarized the procedural posture of the matter and then inquired whether Botello was prepared to submit documentation showing that she was lawfully in the United States. Botello's counsel responded that he did not believe the trial court had the legal authority to inquire into that subject and that his client was prepared to present evidence that she had been a resident of Ohio for at least six months immediately prior to filing her complaint for divorce. Counsel cited the Ohio Supreme Court's decision in *Barth v. Barth*, 2007-Ohio-973, for the proposition that the residency requirement in R.C. 3105.03 focused

solely on whether Botello could prove that she was a resident of Ohio for the six-month period immediately preceding the date on which she filed her complaint for divorce. The trial court disagreed with counsel's interpretation of *Barth* and refused to accept any evidence regarding whether Botello had resided in Ohio for the six months prior to the filing of the complaint. Rather, the trial court stated:

> I'm going to dismiss the case and you can take this matter wherever you want to take it, and we'll get a legal interpretation of where we are because I would need that documentation pursuant to my order, because I don't believe I have jurisdiction to proceed in this case if your client is not in this country lawfully, and you're not prepared to provide me, you're not willing to provide me with that information that I have requested to determine if I have jurisdiction.

Tr. 8-9.

{¶ 7} On March 12, 2024, the trial court dismissed the case. The trial court explained that Botello's request for a Spanish interpreter along with the documents that showed she was born in Mexico in 1982 made it "logical and necessary for this Court to inquire as to [Botello's] immigrant status." Entry of Dismissal, p. 1. The court then stated that "an undocumented immigrant who is presently in this country without proper legal authority is unable to satisfy the six month Ohio residency requirement." *Id.* at 3. The trial court concluded that "the Plaintiff herein has failed to provide this Court with sufficient evidence to enable the Court to determine if it does, in fact, have jurisdiction to proceed in the within matter." *Id.* at 4. Botello filed a timely notice of appeal from the

trial court's dismissal of her divorce action.

II.      The Trial Court Erred by Adding an "Immigration Status" Requirement to R.C. 3105.03

{¶ 8} Botello's two assignments of error are interrelated and will be addressed together.   They state:

THE TRIAL COURT ERRED AS A MATTER OF LAW IN DISMISSING THE PLAINTIFF'S DIVORCE ACTION FOR LACK OF JURISDICTION UNDER R.C. § 3105.03, BASED ON THE PLAINTIFF'S IMMIGRATION STATUS.

THE TRIAL COURT ERRED AS A MATTER OF LAW IN APPLYING ITS OWN INTERPRETATION OF THE UNAMBIGUOUS AND ESTABLISHED LANGUAGE IN R.C. § 3105.03 TO DISMISSING THE PLAINTIFF'S DIVORCE ACTION FOR LACK OF JURISDICTION BASED ON THE PLAINTIFF'S IMMIGRATION STATUS.

{¶ 9} "A trial court's decision as to whether it has jurisdiction is a legal determination, which is reviewed on appeal de novo."   *Freels v. Powers-Freels*, 2015-Ohio-3915, ¶ 13 (2d Dist.).   "Divorce is a creature of state statute, and the power of the General Assembly over the entire subject of marriage, as a civil status, and its dissolution, is unlimited except as restricted by the state and federal constitutions."   *Coleman v. Coleman*, 32 Ohio St.2d 155, 159 (1972).   "The General Assembly has granted to courts of common pleas, including domestic relations divisions of those courts, 'full equitable

powers and jurisdiction appropriate to the determination of all domestic relations matters,' including claims for divorce." *Mullinix v. Mullinix*, 2023-Ohio-1053, ¶ 17 (10th Dist.), quoting R.C. 3105.011(A). Indeed, "states alone have the prerogative of creating and overseeing this important institution [of marriage]." *Coleman* at 160, citing *Pennoyer v. Neff*, 95 U.S. 714, 722 (1877), and *Bodie v. Connecticut*, 401 U.S. 371, 376 (1970).

{¶ 10} R.C. 3105.03, which governs residency requirements for divorce actions in Ohio, states in part:

> The plaintiff in actions for divorce and annulment shall have been a resident of the state at least six months immediately before filing the complaint. Actions for divorce and annulment shall be brought in the proper county for commencement of action pursuant to the Rules of Civil Procedure. The court of common pleas shall hear and determine the case, whether the marriage took place, or the cause of divorce or annulment occurred, within or without the state.

{¶ 11} The Ohio Supreme Court has held that R.C. 3105.03 "is clear: in order to file for divorce in Ohio, the plaintiff must have been an Ohio resident for six months immediately before the filing of the complaint. Therefore, the statute must be applied strictly and without interpretation." *Barth*, 2007-Ohio-973, at ¶ 11. The Ohio Supreme Court previously defined "resident" in this context as follows: "one who possesses a domiciliary residence, a residence accompanied by an intention to make the state of Ohio a permanent home. Such an intention is known only by the individual, which intention, naturally, is subject to honest change from time to time." *Coleman* at 162.

**{¶ 12}** "Every person must have a domicile somewhere, and that domicile is not lost until a new one is acquired." *Holtz v. Holtz*, 2006-Ohio-1812, ¶ 18 (2d Dist.), citing *E. Cleveland v. Landingham*, 97 Ohio App.3d 385, 390 (8th Dist. 1994). "A person abandons his old domicile and acquires a new one only when he chooses a new domicile, establishes an actual residence in the chosen domicile, and demonstrates a clear intent that the new domicile become his primary and permanent residence." *Id.* "In a divorce action, a plaintiff's domicile is a question of intent and the plaintiff's representation will be accepted unless facts and circumstances indicate that the plaintiff's claimed intent cannot be accepted as true." *Id.* at ¶ 19, citing *Polakova v. Polak*, 107 Ohio App.3d 745, 748 (1st Dist. 1995).

**{¶ 13}** Despite the plain language of R.C. 3105.03 and the Ohio Supreme Court's "strict" test of residency, the trial court believed it was "logical and necessary to inquire" into Botello's "immigrant status" based solely on the fact that Botello (1) was born in Mexico over 30 years prior to filing her complaint and (2) had requested a Spanish interpreter. Entry of Dismissal, p. 1. Despite having no actual evidence before it that Botello was not in the United States lawfully, the trial court decided that it could not proceed with her complaint for divorce until Botello proved that she was in the United States lawfully. The trial court concluded "that an undocumented immigrant who is presently in this country without proper legal authority is unable to satisfy the six month Ohio residency requirement which was enacted by the Ohio legislature on January 1, 1991." *Id.* at 3. The only authority cited by the trial court in its dismissal entry was R.C. 3105.03 and *Barth*. But neither of these authorities support what the trial court did in this

case.

{¶ 14} The Ohio Supreme Court has made it clear that the plain language of R.C. 3105.03 "should be applied without interpretation." *Barth*, 2007-Ohio-973, at ¶ 10, citing *Wingate v. Hordge*, 60 Ohio St.2d 55, 58 (1979). Further, the Ohio Supreme Court has cautioned that trying to "interpret" the plain language of a statute "is not interpretation but legislation, which is not the function of the courts." *Iddings v. Bd. of Edn. of Jefferson Cty. School Dist.*, 155 Ohio St. 287, 290 (1951). The plain language of R.C. 3105.03 required the trial court to simply determine whether Botello was an Ohio resident for six months immediately before she filed the complaint for divorce. But the trial court decided to "interpret" R.C. 3015.03 in such a way as to add a duty on Botello to also establish her immigration status. This was error.

{¶ 15} While not stating as much and not citing any authority for doing so, the trial court appears to have dismissed Botello's divorce action out of some sort of deference to the federal immigration laws. Notably, several of the highest courts in other states have resoundingly rejected such an approach. *In re Marriage of Quijada and Dominguez*, 2024 WL 3039725, * 5 (Ariz. June 18, 2024) ("It is difficult to conceive how asserting jurisdiction over [divorce] proceedings even implicates federal immigration law, much less poses an obstacle to accomplishing its objectives."); *Padron v. Padron*, 281 Ga. 646, 646 (2007) (holding that "it is error to rule that a person is not a resident of Georgia for purposes of filing a complaint for divorce based solely on the plaintiff's immigration status"); *Bustamante v. Bustamante*, 645 P.2d 40, 42 (Utah 1982) ("A state must determine who qualifies as a resident under its own laws, and need not assist the Federal

Government in enforcing the immigration and naturalization laws."). We agree with these courts. As noted above, the General Assembly's power over the entire subject of marriage, including divorce, is unlimited except as restricted by the Ohio and United States Constitutions. The General Assembly enacted R.C. 3105.03 as part of this power. We see nothing in the Ohio or United States Constitutions, or in R.C. 3015.03, that required Botello to prove her immigration status before the trial court could exercise its subject matter jurisdiction over her complaint for divorce.

{¶ 16} The assignments of error are sustained.


III.    Conclusion

{¶ 17} Having sustained both assignments of error, the judgment of the trial court will be reversed. The cause will be remanded for the trial court to proceed with the final evidentiary hearing on Botello's complaint for divorce.

. . . . . . . . . . . .


WELBAUM, J. and TUCKER, J., concur.